MICHAEL A. LADRA, State Bar No. 64307
   Email: mladra@wsgr.com
STEFANI E. SHANBERG, State Bar No. 206717
   Email: sshanberg@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendant and Counterclaimant
HEALTH HERO NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALERE MEDICAL, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH HERO NETWORK, INC., a California Corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: C 07-05054 (CRB)<br><br>**DEFENDANT HEALTH HERO NETWORK, INC.'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant and Counterclaim Plaintiff Health Hero Network, Inc. ("Health Hero") hereby answers Plaintiff and Counterclaim Defendant Alere Medical, Inc.'s ("Alere") Complaint on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## PARTIES

1. Answering the allegations of paragraph 1, Health Hero admits that Alere is or was a California corporation and has or had its principal place of business at 595 Double Eagle Court,

1  Suite 1000, Reno, Nevada 89521. Alere announced on October 24, 2007 that it has entered into
2  an agreement to be acquired by a company with corporate headquarters in Massachusetts.
3  Except as thus expressly admitted, Health Hero denies the allegations of paragraph 1.
4        2.    Answering the allegations of paragraph 2, Health Hero admits that it is a
5  California corporation with its principle place of business at 2400 Geng Road, Suite 200, Palo
6  Alto, California 94303. Except as thus expressly admitted, Health Hero denies the allegations of
7  paragraph 2.

## JURISDICTION AND VENUE

9        3.    Answering the allegations of paragraph 3, Health Hero admits that this Court has
10 subject matter jurisdiction over this action, as Alere purports to bring this action under the patent
11 laws of the United States. Health Hero does not admit that there existed or exists an actual case
12 or controversy between the parties. Except as thus expressly admitted, Health Hero denies the
13 allegations of paragraph 3.
14       4.    Answering the allegations of paragraph 4, Health Hero admits that this Court has
15 personal jurisdiction over Health Hero for this action. Except as thus expressly admitted, Health
16 Hero denies the allegations of paragraph 4.
17       5.    Answering the allegations of paragraph 5, Health Hero admits that venue is
18 proper in this Judicial District; however, venue should be transferred to the Northern District of
19 Illinois where a related patent suit is pending. Except as thus expressly admitted, Health Hero
20 denies the allegations of paragraph 5.

## PATENTS IN SUIT

22       6.    Answering the allegations of paragraph 6, Health Hero admits that U.S. Patent
23 No. 6,368,273 ("the '273 patent") is entitled "Networked System For Interactive Communication
24 And Remote Monitoring Of Individuals" and issued on April 9, 2002. Health Hero also admits
25 that Alere attached what appears to be a true and correct copy of the '273 patent to its Complaint
26 as Exhibit A. Except as thus expressly admitted, Health Hero denies the allegations of paragraph
27 6.
28

7. Answering the allegations of paragraph 7, Health Hero admits that U.S. Patent No. 5,601,435 ("the '435 patent") is entitled "Method And Apparatus For Interactively Monitoring A Physiological Condition And For Interactively Providing Health Related Information" and issued on February 11, 1997. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '435 patent to its Complaint as Exhibit B. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 7.

8. Answering the allegations of paragraph 8, Health Hero admits that U.S. Patent No. 5,832,448 ("the '448 patent") is entitled "Multiple Patient Monitoring System For Proactive Health Management" and issued on November 3, 1998. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '448 patent to its Complaint as Exhibit C. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 8.

9. Answering the allegations of paragraph 9, Health Hero admits that U.S. Patent No. 6,246,992 ("the '992 patent") is entitled "Multiple Patient Monitoring System For Proactive Health Management" and issued on June 12, 2001. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '992 patent to its Complaint as Exhibit D. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 9.

10. Answering the allegations of paragraph 10, Health Hero admits that U.S. Patent No. 5,879,163 ("the '163 patent") is entitled "On-Line Health Education And Feedback System Using Motivational Driver Profile Coding And Automated Content Fulfillment" and issued on March 9, 1999. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '163 patent to its Complaint as Exhibit E. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 10.

11. Answering the allegations of paragraph 11, Health Hero admits that U.S. Patent No. 6,151,586 ("the '586 patent") is entitled "Computerized Reward System For Encouraging Participation In A Health Management Program" and issued on November 21, 2000. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '586 patent to its Complaint as Exhibit F. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 11.

1   12.   Answering the allegations of paragraph 12, Health Hero admits that U.S. Patent No. 6,161,095 ("the '095 patent") is entitled "Treatment Regimen Compliance And Efficacy With Feedback" and issued on December 12, 2000. Health Hero also admits that Alere attached what appears to be a true and correct copy of the '095 patent to its Complaint as Exhibit G. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 12.

13.   Health Hero admits the allegations of paragraph 13.

14.   Answering the allegations of paragraph 14, Health Hero admits that it is the assignee of the patents-in-suit. Except as thus expressly admitted, Health Hero denies the allegations of paragraph 14.

## INTRADISTRICT ASSIGNMENT

15.   Health Hero admits the allegations of paragraph 15.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '273, '435, '448, '992, '163, '586, and '095 Patents)

16.   Health Hero incorporates its responses to paragraphs 1-15 above by reference as if fully set forth herein.

17.   Health Hero denies the allegations of paragraph 17.

18.   Health Hero denies the allegations of paragraph 18.

19.   Health Hero denies the allegations of paragraph 19.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity and/or Unenforceability of the '273, '435, '448, '992, '163, '586, and '095 Patents)

20.   Health Hero incorporates its responses to paragraphs 1-19 above by reference as if fully set forth herein.

21.   Health Hero denies the allegations of paragraph 21.

22.   Health Hero denies the allegations of paragraph 22.

23.   Health Hero denies the allegations of paragraph 23.

# HEALTH HERO'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

24. Alere has failed to state a claim upon which its requested relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Infringement)

25. Alere has infringed and is infringing valid and enforceable claims of the patents-in-suit.

## THIRD AFFIRMATIVE DEFENSE

### (Validity)

26. The patents-in-suit are valid.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

27. Alere has engaged in the bad faith filing of duplicative litigation.

## FIFTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

28. The Court lacks subject matter jurisdiction for Alere's claims to the extent that no justiciable case or controversy existed at the time Alere filed its Complaint and/or presently exists.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Laches, Estoppel)

29. Alere's claims are barred by the doctrines of waiver, laches, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel and Res Judicata)

30. Any judgments entered in related patent litigation between the parties, including the pending action in the Northern District of Illinois, may bar Alere's claims pursuant to the doctrines of collateral estoppel and/or res judicata.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff Health Hero Network, Inc. ("Health Hero") hereby alleges for its Counterclaim against Plaintiff and Counterclaim Defendant Alere Medical, Inc. ("Alere") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

### JURISDICTION AND VENUE

31. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

32. Venue can be maintained in this Court pursuant to 28 U.S.C. § 1391; however, venue is more proper in the Northern District of Illinois where a related suit is pending between the parties.

### INTRADISTRICT ASSIGNMENT

33. This action is an intellectual property action. Pursuant to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis. This Counterclaim, however, is properly filed in the San Francisco Division, because the original Complaint was so assigned.

### THE PARTIES

34. Health Hero is an innovator in the field of technology solutions for remote health monitoring and management. Health Hero is a California corporation with its principle place of business at 2400 Geng Road, Palo Alto, California 94303.

35. Alere is in the business, on a nationwide basis, of providing hardware, software, systems, service, support and/or products related to home patient medical monitoring and disease management programs and systems, including The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and the AlereNet system, which utilize the Alere DayLink® Monitor. On information and belief, Alere is presently a California corporation with its principle place of business at 595 Double Eagle Court, Suite 1000, Reno, Nevada 89521. Alere, however, announced that it has entered into an agreement to be acquired by a company with its headquarters in Massachusetts and that such transaction is expected to close prior to the end of the calendar year.

**BACKGROUND**

36. Health Hero's innovations in remote health monitoring and management are reflected in 61 issued U.S. patents and over 120 U.S. pending applications.

37. Health Hero has entered into multiple license agreements with medical device and technology companies who have recognized the value of its patented technology to their activities. Health Hero is also in active negotiations with others. Leading healthcare institutions working with Health Hero include The Veterans Health Administration, McKesson Corporation, Sananet B.V., Centers for Medicare and Medicaid Services, American Medical Alert Corporation, APS and others.

38. Health Hero initiated licensing negotiations with Alere in August 2006. Though Health Hero prefers a business resolution that allows it to make its technology widely available through non-exclusive licensing, Health Hero determined it was necessary to file an action for patent infringement against Alere when discussions regarding Health Hero's patent portfolio failed to result in an agreement.

39. On September 6, 2007, Health Hero filed a patent infringement action against Alere in the Northern District of Illinois, Eastern Division, Chicago (the "Illinois action"). The Illinois action accuses Alere products and services including, but not limited to the Alere "DayLink" Monitor, Heart Failure Program, NurseStation, Home Monitoring Program, and AlereNet system of infringing Health Hero's U.S. Patent No. 7,223,236 (the "'236 patent"). The '236 patent issued on May 29, 2007.

40. On October 1, 2007, Alere answered and filed counterclaims of non-infringement and invalidity in the Illinois action. That same day, despite having filed declaratory counterclaims against Health Hero in the Northern District of Illinois and having admitted the propriety of venue in that court, Alere filed its Complaint seeking a declaratory judgment of non-infringement and invalidity in this Court.

41. This action seeks a declaratory judgment that the same Alere home healthcare monitoring products and services at issue in the Illinois action do not infringe seven patents in Health Hero's portfolio relating to remote monitoring of home healthcare patients.

42. The patents in this declaratory action and the '236 patent at issue in Illinois were raised by Health Hero in licensing discussions between the parties over the past year.

43. Since the filing of this action, Health Hero has conducted additional analysis of publicly available information regarding Alere's home healthcare monitoring products and services.

44. After Alere filed this action, Health Hero also requested additional information from Alere regarding the structure and operation of Alere's products and services relating to home healthcare monitoring and information regarding Alere's alleged prior art to the patents-in-suit. Specifically, on or around October 11, 2007, counsel for Health Hero, Rhett Dennerline, requested from counsel for Alere, Anthoula Pomrening, information regarding the structure and operation of Alere's products and services relating to home healthcare monitoring. In response, Ms. Pomrening advised Mr. Dennerline that, after consulting with counsel for Alere at Bingham McCutchen, the request for information had been "taken under advisement."

## COUNTERCLAIM

(Infringement Pursuant to 35 U.S.C. § 271)

45. Health Hero repeats and re-alleges the allegations of paragraphs 1 through 44 of this Answer and Counterclaim as if fully set forth herein.

46. Health Hero owns an exclusive right, title, and interest in:

- U.S. Patent No. 6,368,273 entitled Networked System for Interactive Communication and Remote Monitoring of Individuals issued on April 9, 2002 and assigned to Health Hero;

- U.S. Patent No. 6,151,586 entitled Computerized Reward System for Encouraging Participation in a Health Management Program issued on November 21, 2000 and assigned to Health Hero;

- U.S. Patent No. 5,832,448 entitled Multiple Patient Monitoring System for Proactive Health Management issued on November 3, 1998 and assigned to Health Hero;

- U.S. Patent No. 6,246,992 entitled Multiple Patient Monitoring System for Proactive Health Management issued on June 12, 2001 and assigned to Health Hero; and

- U.S. Patent No. 5,601,435 entitled Method and Apparatus for Interactively Monitoring a Physiological Condition and for Interactively Providing Health Related Information issued on February 11, 1997 and owned by Health Hero;

(collectively referred to herein as "the Subject Patents"). Health Hero has standing herein to sue for infringement of the Subject Patents.

47. On information and belief, after a reasonable opportunity for further investigation and discovery, the evidence will likely confirm that Alere has infringed and continues to infringe at least one claim of the Subject Patents, in violation of 35 U.S.C. § 271, by acts concerning making, having made, using, importing, selling, and/or offering to sell certain products or components, support, software, and/or systems, including, for example, such activity relating to the Alere DayLink® Monitor, The Alere Heart Failure Program, Alere NurseStation, The Alere Home Monitoring Program, and/or the AlereNet system, and by contributing to or inducing others to infringe the Subject Patents.

48. The activities of Alere have been without express or implied license from Health Hero.

49. Alere continues to infringe the Subject Patents and, unless enjoined by this Court, will continue to infringe the Subject Patents, and Health Hero has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Health Hero is entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

50. As a result of Alere's infringement of the Subject Patents, Health Hero has been and will continue to be damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that cannot presently be ascertained, but that will be determined at trial.

51. Alere has been on notice of the Subject Patents.

## PRAYER FOR RELIEF

WHEREFORE, Health Hero requests judgment in its favor and against Alere as follows:

A.  Dismissing Alere's Complaint with prejudice and declaring that Alere take nothing by way of its Complaint;

B.  Declaring that the Subject Patents are valid and enforceable;

C.  Declaring that Alere has infringed one or more claims of each of the Subject Patents;

D.  Granting injunctive relief enjoining Alere, its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, parent or subsidiary corporations, and affiliates, and all persons in active concert or participation with Alere, from engaging in further acts of infringement, contributing to or inducing the infringement of the Subject Patents;

E.  Awarding Health Hero damages in an amount adequate to compensate Health Hero for Alere's acts of infringement, together with interest thereon, in an amount to be proven at, trial in accordance with 35 U.S.C. § 284;

F.  Awarding Health Hero its costs incurred in this action, together with reasonable attorneys' fees, in accordance with 35 U.S.C. § 285; and

G.  Awarding such other and further relief as the Court deems just and proper.

Dated: November 13, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ Stefani E. Shanberg
Stefani E. Shanberg

Attorneys for Defendant and Counterclaim Plaintiff HEALTH HERO NETWORK, INC.

## DEMAND FOR JURY TRIAL

1  
2     Defendant and Counterclaim Plaintiff Health Hero Network, Inc. hereby demands a trial  
3 by jury of this action pursuant to Federal Rule of Civil Procedure 38 and Civil L.R. 3-6.  
4  
5 Dated: November 13, 2007             WILSON SONSINI GOODRICH & ROSATI  
                                                          Professional Corporation  
6  
7                                         /s/ Stefani E. Shanberg  
                                                   Stefani E. Shanberg  
8  
                                          Attorneys for Defendant and Counterclaim  
9                                          Plaintiff HEALTH HERO NETWORK, INC.